[*Special Term, November,* 1870.]

### GLOBE ROLLING MILL *v.* KING AND COMPANY.

Demurrer to interrogatories in a libel suit, asking the defendant to state whether or not he wrote and published the libel, overruled.

But the defendant might claim the privilege of being excused from answering, on the ground that his answer would criminate himself.

*S. & S. R. Matthews,* for plaintiff.

*J. G. & H. Douglas,* for defendants.

TAFT, J. This petition appears to be well drawn generally, and if it is defective on demurrer, it must be because this is not a cause of action. The numbering the paragraphs was not necessary, as there is but one cause of action. It was a slight inaccuracy, therefore, to divide a single count by numbers. But it is not demurrable.

It seems a strange thing to ask by interrogatories to de-

rive from the defendants in a libel suit evidence of their commission of the libel. But it comes within the Code, section 5, and I do not see on what ground the demurrer can be sustained to the interrogatories if they are pertinent.

I have examined the petition, and it does not appear to me that a demurrer is a sufficient defense to it. The question of privilege does not arise on the demurrer to the petition; the answer may present that in connection with a denial of malice.

It was urged, in argument, that the other questions were not sufficiently specific against King. But I think that he must be held to be included under the term the defendants, who are alleged to have published the words complained of.

It is made a point, in support of the demurrer, that the plaintiff's petition describes the defendants, " Bly, Dunn & Co.," " as a firm doing business under that name in the State of Ohio," instead of describing the firm as formed for "*the purpose*" of doing business in this State. And the case of *Haskins* v. *Alcott*, 3 Ohio St. 215, was cited as sustaining the point.

I have examined the case, and do not think that the court in that case had occasion to decide this point; but the language of the opinion of the court would seem to go upon the hypothesis that the essential thing under the statute was to show that the firm was actually doing business in the State of Ohio.

I think that, if it appears that the firm was actually doing business in the State, it is to be presumed that it was formed for that purpose, and I can not regard it a defense, that a firm, actually doing business here, was intended to do business somewhere else.

The defendants have not placed their refusal to answer interrogatories on the ground that they would thereby criminate themselves under the act to punish libel.

The demurrer is overruled.